# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES A. SMITH, JR.,

      Plaintiff,

      v.                                        Case No. 04-C-1009

WARDEN GERALD A. BERGE,

      Defendant.

## DECISION AND ORDER

Plaintiff James A. Smith, Jr., who is proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis. The plaintiff is incarcerated at the Wisconsin Secure Program Facility (WSPF). Defendant Gerald A. Berge has filed a motion for summary judgment which will be addressed herein.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

### BACKGROUND OF THE CASE

On November 4, 2004, the court screened the original complaint pursuant to 28 U.S.C. § 1915A and granted the plaintiff's motion for leave to proceed in forma pauperis on denial of access to the courts and retaliation claims against defendant Gerald A. Berge in his individual capacity.

On December 15, 2004, the plaintiff filed an amended complaint. It is well-settled that if a motion to file an amended complaint is granted, the amended complaint supersedes the prior complaint. See Duda v. Bd. of Ed. Of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). In Duda, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." Id. (citation omitted).

The court subsequently screened the amended complaint and found that it contains the same claims against the same defendant as the original complaint.[1] (Court's Order of April 4, 2005, at 1-5). Although the original and amended complaints contain the same claims (denial of access to the courts and retaliation) against the same defendant, the two complaints are not identical. For example, the original complaint cites to more specific offender complaints than the amended complaint.

In the amended complaint, the plaintiff avers that the Department of Correction's Inmate Complaint Review System disregards the administrative process. The plaintiff further avers that the defendant has "violated my civil rights notoriously, which has defeated the statutory objective for prisoners to give the prison administration the [opportunity] to reduce the damages and perhaps shed light on factual disputes that may arise in litigation." (Amended Complaint at 3-4). According to the plaintiff, the offender complaints referenced in the amended complaint:

> are only a few examples in a litany of complaints where I was
> denied due process and where I was denied administrative
> remedies when the unit manager refused to respond to my
> complaints. So the situation has been allowed to fester to the

---

[1]The amended complaint requested that the court consider a potential Eighth Amendment deliberate indifference to a serious medical need claim. However, the court found that the plaintiff's allegations in this regard failed to state a claim. (Court's Order of April 4, 2005, at 5).

> point where I have had threats against my life by officers and my
> meals tampered with to inflict bodily harm by the defendants.

(Amended Complaint at 6).

On July 6, 2005, the defendant filed a motion for summary judgment along with a supporting brief, two affidavits, and proposed findings of fact. The defendant's motion complies with the procedure set forth in Civil Local Rule 56.1, Summary Judgment Motions in Pro Se Litigation, in that he has included the "short and plain statement" described in that provision. <u>See</u> Civil L.R. 56.1(a)(1) (E.D. Wis.). Furthermore, the defendant has included copies of Federal Rule of Civil Procedure 56 and Civil Local Rules 7.1, 56.1, and 56.2 along with his motion.

The plaintiff has not filed a response to the defendant's motion for summary judgment, despite being granted additional time on three separate occasions to file a response. First, on August 30, 2005, the court ordered that the plaintiff file a response to the defendant's motion for summary judgment on or before September 30, 2005. The plaintiff was advised that failure to file a response could result in dismissal of this action pursuant to Civil L.R. 41.3.

Second, on October 12, 2005, the court granted the plaintiff additional time until November 10, 2005, to file a response to the defendant's motion. The court also addressed the plaintiff's request for counsel:

> The plaintiff states that he needs counsel because he has been hindered in his efforts to access the courts. However, the record in Case No. 04-C-1009 reveals that the plaintiff has been able to file numerous motions, including motions to alter judgment, for a permanent injunction, for discovery and medical release, to stay proceedings for appointment of counsel, for reconsideration, to compel discovery, as well as two motions to consolidate cases and the pending motion to transfer. Thus, he has been able to access this court. Accordingly, the court concludes that it appears that the plaintiff is able to adequately represent himself in this action. Therefore, his renewed motion for appointment of counsel will be denied.

- 3 -

(Court's Order of October 12, 2005, at 4).

Third, on October 28, 2005, the court granted the plaintiff additional time until November 17, 2005, to file his response and also advised the plaintiff that if he failed to file a response by that date, the court would rule on the defendant's motion without the benefit of a response from the plaintiff. The court also denied the plaintiff's request to voluntarily dismiss this case without prejudice because the defendant had not stipulated to voluntary dismissal. See Fed. R. Civ. P. 41(a)(1). With respect to the plaintiff's assertion that he had been hindered in his efforts to access the court and had been unable to file a response to the defendant's motion for summary judgment, the court reiterated that as "explained in its order of October 12, 2005, the record in this case reveals that the plaintiff has been able to file numerous motions" and that "he has been able to access this court." (Court's Order of October 28, 2005, at 1).

Since the plaintiff has not filed a response to the defendant's motion for summary judgment, the court will decide the motion based on the defendant's submissions.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); McNeal v. Macht, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those facts that, under the applicable substantive law, "might affect the outcome of the suit." See Anderson, 477 U.S. at 247. A dispute of "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

- 4 -

The burden of showing the needlessness of trial – (1) the absence of a genuine issue of material fact; and (2) an entitlement to judgment as a matter of law – is upon the movant. However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. Anderson, 477 U.S. at 267; see also, Celotex Corp., 477 U.S. at 324 ("proper" summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56[c], except the mere pleadings themselves . . ."). "Rule 56(c) mandates the entry of summary judgment, . . . upon motion, against a party who fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322 (emphasis added).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. Johnson v. Pelker, 891 F.2d 136, 138 (7th Cir. 1989). "However, we are not required to draw every conceivable inference from the record – only those inferences that are reasonable. Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991) (citation omitted).

## **RELEVANT UNDISPUTED FACTS**[2]

The plaintiff has been incarcerated as a Wisconsin Department of Corrections (DOC) inmate since July 18, 1994. (Affidavit of Ellen K. Ray [Ray Aff.] ¶ 5). On June 12, 2002, he

---

[2] To the extent they are undisputed, facts are taken from the defendant's Proposed Findings of Fact and from the plaintiff's sworn amended complaint and attached exhibits. See Ford v. Wilson, 90 F.3d 245, 246 (7th Cir. 1996).

The defendant's Proposed Findings of Fact for the most part address allegations in the plaintiff's original complaint. For example, the defendant's facts cite to the plaintiff's Inmate Complaint Review System offender complaints and only two of them, WSPF-2004-34576 and WSPF-2004-31293, are mentioned in the amended complaint. It is unclear why the defendant focused on the original complaint. In any event, since the amended complaint is the operative complaint in this action, see Duda, 133 F.3d at 1054, the defendant's proposed facts related only to allegations from the original complaint are not relevant. Therefore, they are not included in the relevant undisputed facts.

was transferred to WSPF, where he currently resides.  Id.  Defendant Gerald A. Berge was formerly employed by the DOC as the warden of WSPF.  (Affidavit of Gerald A. Berge [Berge Aff.] ¶ 2).  Defendant Berge retired on December 30, 2004.  Id.

Prior to his retirement, defendant Berge was a warden for over 11 years.  (Berge Aff. ¶ 5).  In his capacity as warden, defendant Berge had the duties and responsibilities as generally defined by Wis. Stat. § 302.04 and as otherwise specifically set forth in the Wisconsin Statutes and the Wisconsin Administrative Code.  Id.  He was responsible for the overall administration and operation of WSPF.  (Berge Aff. ¶ 6).  Defendant Berge had the responsibility at the institution level for implementing all DOC policies and directives, and legislative and judicial mandates.  Id.  As the WSPF warden, defendant Berge was custodian of the regularly conducted business records of WSPF.  (Berge Aff. ¶ 7).  He was familiar with security policies applicable to WSPF and the general operation of the institution.  Id.

Based on defendant Berge's experience with the DOC, he concluded that each adult institution had unique security risks and penological interests, goals and needs.  (Berge Aff. ¶ 8).  The WSPF's security risks were unique in that it houses violent offenders who exhibited an unwillingness to adhere to other institutions' rules and regulations and who exhibited highly violent, assaultive and gang-related behavior in other institutions.  Id.  With regard to offender complaints, defendant Berge's usual practice was to designate WSPF Deputy Warden Peter Huibregtse to be the appropriate reviewing authority under Wis. Admin. Code § DOC 310.03(2).  (Berge Aff. ¶ 9).

Ellen K. Ray is employed by the DOC as an institution complaint examiner (ICE).  (Ray Aff. ¶ 1).  In Ms. Ray's position, she has the duties assigned to the ICE pursuant to Wis. Admin. Code ch. DOC 310.  (Ray Aff. ¶ 2).  In the course of performing her duties at WSPF,

Ms. Ray has access to all records relating to inmates, which are regularly maintained by WSPF. (Ray Aff. ¶ 3).

All DOC inmates, including the plaintiff, have access to the Inmate Complaint Review System (ICRS), set forth in the Wis. Admin. Code ch. DOC 310. (Ray Aff. ¶ 7). All offender complaints submitted under the ICRS and associated documents, such as forms and correspondence, are maintained on the ICRS database in the WSPF ICE office to which Ms. Ray has access. (Ray Aff. ¶ 8). All DOC inmates, including the plaintiff, can use the ICRS to raise significant issues regarding rules, living conditions, staff actions affecting institution environment and civil rights complaints, as long as they comply with the procedures and rules related to the ICRS under Wis. Admin. Code ch. DOC 310. (Ray Aff. ¶ 9). The plaintiff has access to the Wisconsin Administrative Code in its entirety, including ch. DOC 310. (Ray Aff. ¶ 10). The plaintiff and all inmates on his housing unit may access the administrative code through the unit book law library. Id.

All WSPF inmates, including the plaintiff, have access to Internal Management Procedure DOC 310 IMP #1 ("IMP #1"), dated October 1, 2003, on their housing unit. (Ray Aff. ¶ 11, Exh. 1000). IMP #1 is a procedure that sets forth the ICRS process by which inmate grievances may be expeditiously raised, investigated, and decided. Id. Additionally, all WSPF inmates, including the plaintiff, are given a handbook when they first are transferred to the institution, which sets forth specific regulations at WSPF. (Ray Aff. ¶ 12, Exh. 1001). This handbook includes sections entitled Legal Library – Institution, Legal Loans, Legal Property, Legal Route, and Legal Services. Id.

WSPF staff relies upon WSPF Procedure No. 381.00 to ensure that all inmates have meaningful access to the courts, judicial processes, and legal materials. (Ray Aff. ¶ 13, Exh. 1002). All inmates have access to this procedure in their housing unit. Id. All inmates,

including the plaintiff, have access, in accordance with space, resources, staff, and population considerations, to law library materials, law library services, unit electronic law library, and printed legal materials. (Ray Aff. ¶ 14, Exh. 1002). Inmates are made aware of the purpose, procedures, and rules related to the ICRS through Wis. Admin. Code ch. 310, IMP #1, and the handbook. (Ray Aff. ¶ 15). Inmates are made aware of their rights related to meaningful access to the courts, judicial processes and legal materials pursuant to WSPF Procedure No. 381.00. (Ray Aff. ¶ 16).

Before an inmate may commence a civil action or special proceedings against any officer, employee, or agent of the DOC in the officer's, employee's, or agent's official or individual capacity for acts or omissions committed while carrying out that person's duties or while acting within the scope of those duties, the inmate is required to exhaust all administrative remedies that the DOC has promulgated by rule. (Ray Aff. ¶ 17; citing Wis. Admin. Code § DOC 310.05). In order to fully exhaust administrative remedies under the ICRS, an inmate must first file an offender complaint with Ms. Ray's office within 14 calendar days after the occurrence giving rise to the complaint, except that the ICE may accept a late complaint for good cause. (Ray Aff. ¶ 18).

The ICE makes a recommendation to the appropriate reviewing authority. (Ray Aff. ¶ 18; citing Wis. Admin. Code § DOC 310.07(2)). The WSPF's appropriate reviewing authority is most typically Deputy Warden Huibregtse. (Ray Aff. ¶ 18). If the inmate is dissatisfied with the reviewer's decision, he then must appeal any adverse decision to the corrections complaint examiner (CCE) and receive a final decision from the DOC Secretary (or his designee) on the ICRS appeal. (Ray Aff. ¶ 18; citing Wis. Admin. Code §§ DOC 310.07 and 310.09).

Case 2:04-cv-01009-PJG   Filed 01/27/06   Page 8 of 22   Document 58

The only exception relates to offender complaints that are rejected pursuant to Wis. Admin. Code § DOC 310.11(5)(a) – (h). (Ray Aff. ¶ 19). An inmate may appeal a rejected complaint to the appropriate reviewing authority who may only review the basis for the rejection of the offender complaint. (Ray Aff. ¶ 19; citing Wis. Admin. Code § DOC 310.11(6)). The reviewing authority's decision is final on an offender complaint that has been rejected by the ICE. Id. The CCE may not review a rejected complaint. (Ray Aff. ¶19; citing Wis. Admin. Code § DOC 310.13(3)).

**WSPF-2004-32656**

The plaintiff filed offender complaint WSPF-2004-32656, asserting that the sergeant used excessive force when he took the plaintiff out of his cell on October 14, 2004. (Amended Complaint at 3). Offender complaint WSPF-2004-32656 was rejected on October 27, 2004, pursuant to Wis. Admin. Code § DOC 310.11(5)(c) "because 'the inmate does not allege sufficient facts upon which redress may be made'. The inmate instructed to supply additional information and has failed to do so." (Amended Complaint, Exh. A at [unnumbered] 6).

**WSPF-2004-33116**

The plaintiff filed offender complaint WSPF-2004-33116, contending that he was denied medical care on October 13, 2004. (Amended Complaint at 4). The ICE Report recommended dismissal of this complaint, stating in relevant part:

> Sergeant Trefz was working on the night in question, 10/13/04. The sergeant was contacted and relayed the following in part, "I CHECKED THE LOG AND SMITH WAS LOUD AND DISRUPTIVE NOTED AT 1615 .... AT 1812 H.S.U. WAS ON THE UNIT IN RESPONSE TO HIM REQUESTING TO SEE THEM. SMITH WAS PULLED TO VISIT WITH NURSE JO..". [sic] The ICE reviewed the inmate's medical file and found that he was seen and assessed by Nurse Jo on this date.

- 9 -

> Based on the above, it is recommended that this complaint be dismissed.

(Amended Complaint, Exh. A at [unnumbered] 11).

## WSPF-2004-34576

The plaintiff signed offender complaint WSPF-2004-34576 on November 1, 2004, alleging that his legal mail from the United States Court of Appeals was delivered already opened. (See Amended Complaint, Exh. B at [unnumbered] 1-4; Ray Aff. ¶ 29, Exh. 1010). Ms. Ray recommended that offender complaint WSPF-2004-34576 be dismissed based upon her discussion with Officer Yanski who advised that the envelope in question was sealed and taken to the plaintiff's cell to open in the plaintiff's presence. (Ray Aff. ¶ 29). Mr. Huibregtse, the reviewing authority, accepted Ms. Ray's recommendation and dismissed this offender complaint. Id. The plaintiff did not appeal the dismissal of offender complaint WSPF-2004-34576 to the CCE. Id.

Defendant Berge designated Mr. Huibregtse to be the appropriate reviewing authority under Wis. Admin. Code § DOC 310.03(2) and to render a decision related to offender complaint WSPF-2004-34576. (Berge Aff. ¶ 29). Defendant Berge did not conduct any review, nor did he have any personal involvement in the processing, recommendation or determination of the plaintiff's offender complaint WSPF-2004-34576. Id.

## WSPF-2004-37047

On November 26, 2004, the plaintiff filed offender complaint WSPF-2004-37047, asserting that Officer McCormick tampered with his meal. (Amended Complaint at 5-6). On November 26, 2004, the offender complaint was rejected pursuant to Wis. Admin. Code § DOC 310.11(5)(g) because "[t]he issue raised in this complaint has been addressed through the inmate's prior use of the ICRS." (Amended Complaint, Exh. C at [unnumbered] 3).

**WSPF-2004-37848**

On December 2, 2004, the plaintiff filed offender complaint WSPF-2004-37848, alleging that Unit Manager Haines "refuses to respond to unit staff excessive force issues." (Amended Complaint, Exh. E at [unnumbered] 1-2). However, the offender complaint was rejected the following day. Id. at 3. Ms. Ray found that the offender complaint did not allege sufficient facts upon which redress could be made because the plaintiff "does not state what staff or how force was used." Id.

**WSPF-2004-26383**

The plaintiff filed offender complaint WSPF-2004-26383, asserting that Deputy Warden Peter Huibregtse "refused to reply to my correspondence dated August 8, 2004 complaining of arsenic poisoning by Delta Unit Staff." (Amended Complaint, Exh. E at 4-5). The ICE received this offender complaint on August 17, 2004. Id. at 4. The ICE found that the plaintiff's "issue regarding arsenic poisoning was addressed in WSPF-2004-25632, therefore, there was no need for the Deputy Warden to respond." Id. at 6. The ICE "finds this reasonable and dismissal of this complaint is recommended." Id. On September 3, 2004, offender complaint WSPF-2004-26383 was dismissed. Id. at 7.

**WSPF-2004-37160**

The plaintiff filed offender complaint WSPF-2004-37160, maintaining that he did not receive proper medical attention. (Amended Complaint at 7). The offender complaint was received on November 29, 2004, and the ICE summarized the facts and recommended dismissal:

> According to Nurse Jo, the inmate refused to come out of his cell to be evaluated. In the progress notes, the nurse recorded that the inmate was very loud and argumentative. The nurse tried several times to convince him to come out of his cell and the inmate refused.

> If the inmate chooses not to cooperate with staff, there is nothing that the ICE can do. As such, dismissal of this complaint is recommended.

(Amended Complaint, Exh. E at 13). Reviewer Cynthia Thorpe dismissed offender complaint WSPF-2004-37160 with a modification. Id. at 14. Ms. Thorpe noted: "HS Manager will review and discuss plans of care for patients who refuse to be monitored when refusing to eat and drink." Id.

## WSPF-2004-31293

The plaintiff filed offender complaint WSPF-2004-31293, asserting that he "was denied sending appeal to CCE." (Ray Aff. ¶ 30, Ex. 1011; Amended Complaint at 7). Ms. Ray recommended dismissal of this offender complaint because the plaintiff was on legal loan extension and the offender complaint he was attempting to appeal, WSPF-2004-29390, did not meet the "extra ordinary" need category. (Amended Complaint, Exh. F at [unnumbered] 3). Mr. Huibregtse, the reviewing authority, accepted Ms. Ray's recommendation and dismissed this offender complaint. Id. The plaintiff did not appeal the dismissal of WSPF-2004-31293 to the CCE. (Ray Aff. ¶ 30).

Defendant Berge designated Mr. Huibregtse to be the appropriate reviewing authority under Wis. Admin. Code § DOC 310.03(2) and to render a decision related to offender complaint WSPF-2004-31293. (Berge Aff. ¶ 31). Defendant Berge did not conduct any review, nor did he have any personal involvement in the processing, recommendation or determination of plaintiff's offender complaint WSPF-2004-31293. (Berge Aff. ¶ 32).

In defendant Berge's capacity as warden at WSPF, he did not typically have any personal contact with inmates. (Berge Aff. ¶ 33). To the best of defendant Berge's recollection, he had no direct personal, face-to-face contact with the plaintiff. Id. Defendant Berge does recall a few instances where he received written correspondence from the

- 12 -

plaintiff. (Berge Aff. ¶ 34). On each occasion, he responded to the plaintiff's inquiries. Id. Defendant Berge did nothing to inhibit or restrict the plaintiff's right to reasonable and legitimate opportunities to file legal claims challenging alleged violations of his constitutional rights, or his right to file offender complaints under the ICRS. (Berge Aff. ¶ 35). Additionally, defendant Berge had no involvement in, nor was he ever aware of, any acts of retaliation towards the plaintiff from any WSPF staff related to his filing lawsuits with the courts or filing offender complaints under the ICRS. (Berge Aff. ¶ 36).

Based on a review of the records in Ms. Ray's office, the plaintiff has not filed any offender complaint to specifically claim that defendant Berge retaliated against him for any specific reason or purpose. (Ray Aff. ¶ 37). Also, based on such a records review, the plaintiff has not filed any offender complaint to specifically claim that defendant Berge denied him access to the courts or the ICRS. (Ray Aff. ¶ 38).

## ANALYSIS

The defendant contends that this action must be dismissed because the plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act. Defendant Berge asserts that he did not deny the plaintiff access to the courts or the ICRS and that he did not retaliate against the plaintiff. The defendant also contends that he must be dismissed for lack of personal involvement in any alleged constitutional violations. Finally, defendant Berge maintains that the plaintiff is precluded from recovering damages because defendant Berge is entitled to qualified immunity. As noted, the plaintiff has not filed a response to the defendant's motion for summary judgment.

The plaintiff's claims are denial of access to the courts and retaliation. The offender complaints from the amended complaint are as follows:

- 13 -

1.   WSPF-2004-32656 (asserting that the sergeant used excessive force when he took the plaintiff out of his cell);

2.   WSPF-2004-33116 (complaining that the plaintiff was denied medical care);

3.   WSPF-2004-34576 (alleging that legal mail from the United States Court of Appeals was delivered already opened);

4.   WSPF-2004-37047 (asserting that Officer McCormick tampered with the plaintiff's meal);

5.   WSPF-2004-37848 (alleging that Unit Manager Haines refused to respond to unit staff excessive force issues);

6.   WSPF-2004-26383 (asserting that Deputy Warden Peter Huibregtse refused to reply to the plaintiff's correspondence complaining of arsenic poisoning by Delta Unit Staff);

7.   WSPF-2004-37160 (asserting that the plaintiff did not receive proper medical attention);

8.   WSPF-2004-31293 (asserting that the plaintiff was denied sending an appeal to the CCE).

A.   **Exhaustion**

Defendant Berge contends that the plaintiff has failed to exhaust his administrative remedies and that he has filed zero offender complaints regarding his two claims in this case. He asserts that the plaintiff has not filed any offender complaint claiming that defendant Berge retaliated against him for any specific reason or purpose or specifically asserting that defendant Berge denied the plaintiff access to the courts.

The Prison Litigation Reform Act of 1995 (PLRA), Pub.L. 104-134, 110 Stat. 1321 (1996), provides in pertinent part that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

- 14 -

42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is a condition precedent to suit. Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002) (citing Perez v. Wis. Dep't of Corrs., 182 F.3d 532, 535 [7th Cir. 1999]). Section 1997e applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The ICRS within the Wisconsin prisons is the administrative remedy available to inmates with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code § DOC 310.01(2)(a). The Wisconsin Administrative Code specifically provides that before an inmate may commence a civil action, the inmate shall exhaust all administrative remedies that the Department of Corrections has promulgated by rule. Wis. Admin. Code § DOC 310.05. The ICRS is available for inmates to "raise significant issues regarding rules, living conditions, staff actions affecting institution environment, and civil rights complaints." Wis. Admin. Code § DOC 310.08(1).

The Wisconsin Administrative Code sets forth specific procedures and time frames for the filing of inmate complaints and for the review of such complaints. In order to use the ICRS, an inmate must file a complaint with the ICE within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code §§ DOC 310.07(1) & 310.09(6). Complaints submitted later than 14 days after the event may be accepted for good cause. Wis. Admin. Code § DOC 310.09(6). After reviewing and acknowledging each complaint in writing, the ICE either rejects the complaint[3] or sends a recommendation to the "appropriate reviewing authority." Wis. Admin. Code §§ DOC 310.11(2) & 310.11(11). The appropriate reviewing

---

[3] An inmate may appeal a rejected complaint within 10 calendar days only to the appropriate reviewing authority who shall only review the basis for the rejection of the complaint. The reviewing authority's decision is final. Wis. Admin. Code § DOC 310.11(6).

authority makes a decision within 10 days following receipt of the recommendation. Wis. Admin. Code § DOC 310.12. Within 10 days after the date of the decision, a complainant dissatisfied with a reviewing authority decision may appeal that decision by filing a written request for review with the corrections complaint examiner (CCE). Wis. Admin. Code § DOC 310.13(1). The CCE reviews the appeal and makes a recommendation to the Secretary of the Department of Corrections. Wis. Admin. Code §DOC 310.13(6). The Secretary may accept, adopt, or reject the CCE's recommendation, or return the appeal to the CCE for further investigation. Wis. Admin. Code § DOC 310.14(2).

A purpose of the exhaustion requirement is to allow prison officials time and opportunity to respond to complaints internally before an inmate initiates litigation. Porter v. Nussle, 534 U.S. 516, 524-25 (2002); see Smith v. Zachary, 255 F.3d 446, 450-51 (7th Cir. 2001). To provide officials with sufficient notice, inmates must file grievances at the place and time and with the information required by the prison's administrative rules. Strong v. David, 297 F.3d 646, 649 (7th Cir. 2002). Where the rules are silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." Id. at 650; see Riccardo v. Rausch, 375 F.3d 521, 524 (7th Cir. 2004).

Thus, drawing on principles of notice pleading, the Court of Appeals for the Seventh Circuit has held that, absent more stringent administrative requirements, an inmate need not state "facts, legal theories, or demand relief," so long as the grievance objects "intelligibly to some asserted shortcoming." Strong, 297 F.3d at 650; see Riccardo, 375 F.3d at 524. The majority of the federal courts of appeals, including the Seventh Circuit Court of Appeals, have not endorsed a requirement that a defendant to a civil suit first be named in an inmate's prison grievance to constitute exhaustion under 42 § 1997e(a). See Strong, 297 F.3d at 649 (noting that the Court of Appeals for the Sixth Circuit requires inmate to name defendant in

grievance, but opting for notice pleading where prison rules are silent); <u>Johnson v. Johnson</u>, 385 F.3d 503, 522 (5th Cir. 2004) (no need to identify involved official if notice from grievance was sufficient); <u>Johnson v. Testman</u>, 380 F.3d 691, 697 (2nd Cir. 2004) (remanding for determination whether failure to name defendant until disciplinary appeal sufficed for notice of grievance against official); <u>Brown v. Sikes</u>, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (not requiring inmates to name defendant in grievance if information not available); <u>but see</u> <u>Curry v. Scott</u>, 249 F.3d 493, 505 (6th Cir. 2001) (requiring that defendant be named in grievance for exhaustion).

With respect to the level of detail in an offender complaint, the DOC administrative rules require that offender complaints filed by an inmate "[c]ontain only one issue per complaint, and shall clearly identify the issue." Wis. Admin. Code § DOC 310.09(1)(e). Thus, simply because defendant Berge was not named in an offender complaint does not necessarily mean that the plaintiff failed to exhaust administrative remedies. Rather, the standard is whether the offender complaint would put an official on notice of the plaintiff's claim. Thus, the court cannot conclude that offender complaints were not exhausted simply because defendant Berge was not named in those complaints. However, two offender complaints that are subject to dismissal for failure to exhaust based on the plaintiff's failure to file an appeal to the CCE.

It is undisputed that offender complaints WSPF-2004-34576 and WSPF-2004-31293 were dismissed by the ICE. It is also undisputed that the plaintiff failed to file appeals of the dismissals to the CCE. <u>See</u> Wis. Admin. Code § DOC 310.13(1). The plaintiff's failure to appeal the dismissal of his offender complaints to the CCE means that he did not exhaust administrative remedies as to these offender complaints and therefore he may not proceed on these claims. <u>See</u> <u>Pozo v. McCaughtry</u>, 286 F.3d 1022, 1025 (7th Cir. 2002) (to exhaust

remedies, a prisoner must file offender complaints and appeals as required by the prison's administrative rules).

Although the defendant argues that the plaintiff has failed to exhaust administrative remedies in this case, the defendant did not specifically address the remaining offender complaints set forth in the amended complaint.  The defendants have not established that these offender complaint have not been exhausted.  Accordingly the plaintiff's remaining offender complaint is not subject to dismissal for failure to exhaust.

**B.**     **Personal Involvement of Defendant Berge**

Defendant Berge contends that he must be dismissed for lack of personal involvement in any alleged constitutional violations involving the plaintiff.  Specifically, defendant Berge asserts that he must be dismissed because he has not personally caused any constitutional deprivation and cannot be vicariously liable.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon him by a person acting under color of state law.  Gomez v. Toledo, 446 U.S. 635, 640 (1980).  "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."  Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996).

Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983.  See Pacelli v. DeVito, 972 F.2d 871, 877 (7th Cir. 1992).  An official is personally involved if: a) he or she participates directly in the constitutional deprivation; b) acts or fails to act with reckless disregard of the plaintiff's constitutional rights; or c) the conduct that deprived the plaintiff of his constitutional rights

occurred at the official's direction or with his or her knowledge and consent.  Rascon v. Hardiman, 803 F.2d 269, 274 (7th Cir. 1986); Smith v. Rowe, 761 F.2d 360, 369 (7th Cir. 1985); Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982).

Supervisory responsibility of a warden is not sufficient to establish personal liability for an isolated failure of a subordinate to carry out prison policies, unless the subordinate acted or failed to act based on the warden's instructions.  Steidl v. Gramley, 151 F.3d 739, 741 (7th Cir. 1998).  However, an official will satisfy the personal involvement requirement of § 1983 if he deliberately disregards the plaintiff's constitutional rights.  See Fillmore v. Page, 358 F.3d 496, 506 (7th Cir. 2004).  "A prison official's knowledge of prison conditions learned from an inmate's communication can . . . require the officer to exercise his authority and to take the needed action to investigate, and if necessary, to rectify the offending condition."  Reed v. McBride, 178 F.3d 849, 854 (7th Cir. 1999) (quoting Vance v. Peters, 97 F.3d 987, 993 [7th Cir. 1996]).

In this case, the undisputed facts establish that to the best of defendant Berge's recollection, he had no direct personal, face-to-face contact with the plaintiff.  (Berge Aff. ¶33).  It is undisputed that defendant Berge did nothing to inhibit or restrict the plaintiff's right to reasonable and legitimate opportunities to file legal claims challenging alleged violations of his constitutional rights, or his right to file offender complaints under the ICRS.  (Berge Aff. ¶ 35).  Additionally, it is undisputed that defendant Berge had no involvement in, nor was he ever aware of, any acts of retaliation towards the plaintiff from any WSPF staff related to his filing lawsuits with the courts or filing offender complaints under the ICRS.  (Berge Aff. ¶ 36).

Attached to the amended complaint is a letter dated October 17, 2004, that the plaintiff wrote to defendant Berge.  (Amended Complaint, Exh. A at [unnumbered] 7-8).  The letter informs defendant Berge that the plaintiff filed this lawsuit and it also includes some of the

- 19 -

allegations upon which the lawsuit is based.  The letter is not referenced in the amended complaint and there is no indication that the plaintiff sent the letter to defendant Berge.  In any event, it is undisputed that defendant Berge received correspondence from the plaintiff in several instances and, on each occasion, he responded to the plaintiff's inquiries.  (Berge Aff. ¶ 34).  Accordingly, the undisputed facts in this case compel the conclusion that defendant Berge was not personally involved in the alleged violations of the plaintiff's constitutional rights.

Even if the court were to conclude that defendant Berge should not be dismissed for lack of personal involvement with respect to the plaintiff's claims, the defendant is entitled to summary judgment in this case.

## C.  <u>Retaliation</u>

Defendant Berge contends that he did not retaliate against the plaintiff.  A prison official who takes action in retaliation for a prisoner's exercise of a constitutional right may be liable to the prisoner for damages.  <u>Babcock v. White</u>, 102 F.3d 267, 275 (7th Cir. 1996). Otherwise lawful action "taken in retaliation for the exercise of a constitutionally protected right violates the Constitution."  <u>DeWalt v. Carter</u>, 224 F.3d 607, 618 (7th Cir. 2000).  Although it is easy to state a retaliation claim, <u>Walker v. Thompson</u>, 288 F.3d 1005, 1009 (7th Cir. 2002) (petitioner need not allege a chronology of events from which retaliation could be plausibly inferred), the burden of proving the claim is heavy, <u>Babcock</u>, 102 F.3d at 275.

To prevail on a retaliation claim, a prisoner must prove that his constitutionally protected conduct was a substantial or motivating factor in a defendant's actions.  <u>Hasan v. U.S. Dep't of Labor</u>, 400 F.3d 1001, 1005-06 (7th Cir. 2005); <u>Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 287 (1977); <u>Spiegla v. Hull</u>, 371 F.3d 928, 941-42 (7th Cir. 2004).  "A motivating factor is a factor that weighs in the defendant's decision to take the

action complained of – in other words, it is a consideration present to his mind that favors, that pushes him toward, the action." Hasan, 400 F.3d at 1006. "Once the plaintiff proves that an improper purpose was a motivating factor, the burden shifts to the defendant . . . to prove by a preponderance of the evidence that the same actions would have occurred in the absence of the protected conduct." Spiegla, 371 F.3d at 943.

In this case, the plaintiff has presented no evidence to show that defendant Berge retaliated against him. In short, the plaintiff has not carried his burden with regard to any retaliation claim. Conclusory averments from the amended complaint that he was retaliated against do not withstand summary judgment. "It is well-settled that conclusory allegations . . . without support in the record, do not create a triable issue of fact." Hall v. Bodine Elec. Co., 276 F.3d 345, 354 (7th Cir. 2002) (citing Patterson v. Chi. Ass'n for Retarded Citizens, 150 F.3d 719, 724 [7th Cir. 1998]). Therefore, defendant Berge's motion for summary judgment on the plaintiff's retaliation claim will be granted.

D.     **Access to the Courts**

It is well established that prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). This right "requires prison authorities to assist inmates in preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828.

To establish a denial of his constitutional right, an inmate must show that the prison had deficient legal facilities and that he was hindered in his efforts to pursue a particular legal claim. See Lewis v. Casey, 518 U.S. 343, 351 (1996); see also, Alston v. Debruyn, 13 F.3d 1036, 1040-41 (7th Cir. 1994) (holding that inmate must establish: (1) the failure of prison officials to assist in the preparation and filing of meaningful legal papers; and (2) some quantum of detriment caused by the challenged conduct). Even if the inmate can establish

an "absolute deprivation of access to all legal materials," his claim will fail absent identification of some injury linked to the deprivation.  <u>Lewis</u>, 518 U.S. at 353 n.4.

In this case, the plaintiff has not alleged, much less established, any specific "injury." There is no indication that any alleged actions by the defendant caused him some resultant injury.  Accordingly, defendant Berge's motion for summary judgment as to the access to the courts claim will be granted.

**E.**     <u>**Conclusion**</u>

In sum, the undisputed facts reveal that the plaintiff has failed to exhaust administrative as to two offender complaints, WSPF-2004-34576 and WSPF-2004-31293.  The facts also show that defendant Berge was not personally involved in the alleged actions giving rise to the plaintiff's claims.  Moreover, the undisputed facts establish that the defendant is entitled to summary judgment on the plaintiff's retaliation and access to the courts claims.  Therefore, defendant Berge's motion for summary judgment will be granted.

<u>**ORDER**</u>

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion for summary judgment (Docket #42) be and hereby is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment dismissing the plaintiff's claims and this action.

Dated at Milwaukee, Wisconsin, this 27th day of January, 2006.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

- 22 -